The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BONNIE KURNICK, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION, and DOES 1-10, inclusive,<br><br>                              Defendants. | No. 2:11-cv-01985-MJP |
| JONAH CANNON, JAMES KAEN, and RACHEL WASSEL, Individually and on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>STARBUCKS CORPORATION,<br><br>       Defendant. | No. 2:12-cv-00169-MJP<br><br>ORDER CONSOLIDATING RELATED CASES AND APPOINTING INTERIM CO-LEAD AND LIAISON COUNSEL |

This matter comes before the Court on Plaintiffs' cross motions to appoint interim lead counsel and to stay or consolidate related cases. (Case No. 11-1985MJP, Dkt. No. 19; Case No. C12-169MJP, Dkt. No. 2.) Having reviewed the motions, the opposition to each motion (Dkt.

Nos. 20, 24), the replies to each opposition brief (Dkt. Nos. 29, 32), Defendant Starbucks Corporation's response to the motions (Dkt. No. 15), and the supplemental materials submitted by counsel (Dkt. Nos. 30, 31), the Court GRANTS Plaintiffs Jonah Cannon, James Kaen, and Rachel Wassel's ("Cannon Plaintiffs") motion.[1]

The Court first finds that consolidation is appropriate in this case. Federal Rule 42(a) states that consolidation is appropriate where actions name common defendants and involve common questions of law or fact. Fed. R. Civ. P. 42(a). Here, both cases involve the same defendant and center on the same commercial practice of Starbucks charging an undisclosed premium on purchases of scooped coffee beans sold in less than one pound increments. (Case No. C12-169MJP, Dkt. No. 1 at 2; Case No. C11-1985, Dkt. No. 1 at 3.)

The Kurnick Plaintiff urges the Court not to consolidate the related case, but instead to stay the Cannon case, because "the Kurnick case is much further along than the Cannon action, and the parties in Kurnick have proposed a short, early, and efficient method to determine if the parties are able to resolve the underlying claims, on a nationwide basis." (Case No. C11-1985MJP, Dkt. No. 19 at 4.) Having reviewed the record in both cases, the Court is not persuaded that the Kurnick action, which was filed Nov. 29, 2011, is significantly further along than the Cannon action, which was filed Jan. 30, 2012. Further, the Court does not agree that the early settlement period proposed by the Kurnick Plaintiffs provides a sound reason to stay the Cannon case. (Case No. C11-1985MJP, Dkt. No. 19 at 4.)

The Court also finds that, under the criteria set by the Federal Rules, counsel for the Cannon Plaintiffs should be appointed interim lead counsel. Federal Rule 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining

---

[1] A number of duplicate motions were filed in both cases. In this paragraph, where a specific case is not identified, the docket number refers to the docket in Case No. C11-1985MJP.

ORDER CONSOLIDATING RELATED CASES AND
APPOINTING INTERIM CO-LEAD AND LIAISON COUNSEL

whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). When multiple groups of attorneys seek to act as interim counsel, the Court is to select the group best able to represent the class with respect to matters through a decision on class certification, considering factors set out in Fed. R. Civ. P. 23(g)(1). See In re Hannaford Bros. Co., 252 F.R.D. 66, 67-69 (D. Me. 2008). The factors set forth in Fed. R. Civ. P. 23(g)(1)(A) are:

> (1) The work counsel has done in identifying or investigating potential claims in the action;
>
> (2) Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (3) Counsel's knowledge of the applicable law; and
>
> (4) The resources that counsel will commit to representing the class.

Here, although the relative detail of the two complaints indicates that counsel for Cannon Plaintiffs have done more work in investigating the potential claims than counsel for Kurnick Plaintiffs, the Court's decision is based primarily on the Court's evaluation of counsel's experience in handling similar class action litigation. (Cf. Case No. C11-1985MJP, Dkt. No. 19 at 7-10; Case No. C12-169MJP, Dkt. No. 2 at 10-13.) In reaching its decision, the Court placed particular emphasis on the references submitted by counsel. (Case No. C11-1985MJP, Dkt. Nos. 30, 31.) Because both cases were filed relatively recently, the Court does not give significant weight to the initial disclosures and early settlement negotiations conducted between Defendant and Kurnick Plaintiffs. (Case No. C11-1985MJP, Dkt. No. 19 at 6-7.)

Pursuant to these findings, it is hereby ORDERED:

ORDER CONSOLIDATING RELATED CASES AND
APPOINTING INTERIM CO-LEAD AND LIAISON COUNSEL

## I. CONSOLIDATION

1. The above-captioned actions are hereby consolidated for all purposes into one action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, along with any future-filed or transferred tag-along actions on behalf of those who purchased Starbucks Corporation coffee beans in an amount of less than one pound and were subject to a $1.50 surcharge.

2. The instant actions and any tag-along actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to any and all cases that are subsequently filed in this Court or transferred to this Court, which action is brought against the defendant and/or any other past or present employee or agent of the defendants regarding the allegations in the Consolidated Actions.

3. The short caption for the Consolidated Actions shall be "In re Starbucks Consumer Litig., Civil Action No. 2:11-cv-01985." Every pleading in this Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| IN RE STARBUCKS CONSUMER LITIG. ) ) ) | No. 2:11-cv-01985 |

4. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Actions.

## II. MASTER DOCKET AND MASTER FILE

5. A Master Docket and Master File are hereby established for the Consolidated Actions. The Master File shall be Case No. 2:11-cv-01985. Entries in the Master Docket shall

be applicable to these Consolidated Actions as more fully set forth below. Separate dockets shall also be maintained for each of these Consolidated Actions, and entries shall be made in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order.

### III.   NEWLY-FILED OR TRANSFERRED ACTIONS

6. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

   a. file a copy of this Order in the separate file for such action;

   b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   c. make the appropriate entry in the docket for this action.

7. Each new case which arises out of the subject matter of the Consolidated Actions that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

## IV. APPOINTMENT OF INTERIM CO-LEAD AND LIAISON COUNSEL

9. The Court hereby appointments Block & Leviton LLP and Shapiro Haber & Urmy LLP as Interim Co-Lead Counsel and Byrnes Keller Cromwell LLP as Liaison Counsel.

10. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

   a. to coordinate the briefing and argument of any and all motions;

   b. to coordinate the conduct of any and all discovery proceedings;

   c. to coordinate the examination of any and all witnesses in depositions;

   d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for defendant;

   g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   h. to coordinate the preparation and filings of all pleadings; and

   i. to supervise all other matters concerning the prosecution or resolution of the Consolidated Actions.

11. No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

12. Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

13. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendant's counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel. Co-Lead Counsel may designate other counsel, including Liaison Counsel, to act of its behalf.

14. All counsel for plaintiffs in the Action shall submit to Co-Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work. Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Co-Lead Counsel shall determine. Any failure to timely submit such reports to Co-Lead Counsel may result in the disqualification of such unreported time from being reimbursed.

15. Defendant shall effect service of papers on plaintiffs by serving copies on Co-Lead Counsel by overnight delivery service, electronic mail ("e-mail"), telecopy, hand delivery, or through the Court's CM/ECF filing system. Plaintiffs shall effect service of papers on defendant by serving copies on each of its counsel by overnight delivery service, e-mail, telecopy, hand delivery, or through the Court's CM/ECF filing system.

SO ORDERED THIS 10th day of March, 2012.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER CONSOLIDATING RELATED CASES AND
APPOINTING INTERIM CO-LEAD AND LIAISON COUNSEL